**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RB-TPG SAN JOSE LLC,<br>Plaintiff,<br>v.<br>TYCO FIRE PRODUCTS, LP; and SIMPLEX TIME RECORDER CO. dba CWSI FIRE DETECTION, A TYCO COMPANY,<br>Defendants. | Case No. 17-cv-03655 NC<br>**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>Re: ECF 64 |

In this case, a hotel developer sues a wireless fire alarm system manufacturer. The developer alleges that the fire alarm system that it purchased and installed was defective and not suitable for use in the hotel. The developer claims economic harm because the defective fire alarm system caused a three-month delay in the opening of the hotel.

Presented to the Court is the defendants' motion for summary judgment. The most significant question posed is whether the pre-sale representations by the manufacturer are actionable statements, or should be disregarded as mere puffery. The Court finds that a reasonable jury could find that the manufacturer's pre-sale statements are actionable misrepresentations. As explained below, the motion is GRANTED in part and DENIED in part.

**I.**

Plaintiff originally filed this case in California Superior Court. The operative Complaint is at ECF 1-1 p. 12. The following factual allegations are taken from the Complaint. Plaintiff RB-TPG San Jose LLC ("TPG") is a joint venture formed for the purpose of building and operating the first "AC" brand Marriott hotel (the "Hotel") in California. Plaintiff TPG has a 30-year franchise agreement with Marriott International to operate the Hotel. The Hotel is located in downtown San Jose, California, in the "epicenter of Silicon Valley" and near many corporate headquarters and major attractions. The Hotel has 210 guest rooms, a fitness center, open air pool, meeting space, and two high-tech breakout rooms, among other amenities. The Hotel was originally projected to open in Spring 2016, but did not open until January 31, 2017.

Commercial Wireless Systems International, LLC ("CWSI") was a privately-held entity that developed the wireless fire alarm system (the "CWSI System") at issue in this case. Defendant Simplex Time Recorder Co. acquired CWSI effective January 20, 2015. ECF 64 at p. 9, citing declarations. On October 30, 2015, Simplex transferred the intellectual property of CWSI to Tyco Fire & Security GmbH. *Id.* A distribution agreement permits defendant Tyco Fire Products, LP ("Tyco") to promote, distribute, and sell the CWSI System. *Id.* at 10.

There are several non-parties that participated in the disputed events. Johnstone Moyer, Inc. ("JMI") contracted with TPG to build the Hotel. Central Station LLC ("Central Station") is a factory-authorized dealer of CWSI products. Central Station purchased the CWSI System at issue from Tyco in December 2015. ECF 64 at p. 10. Baldwin Electrical Installations ("Baldwin") is an electronic and communications subcontractor. General contractor JMI contracted with Baldwin to purchase and install the CWSI System at Hotel. Baldwin purchased the CWSI System from Central Station. Finally, Statcomm Inc. is another CWSI System authorized dealer that provided TPG a proposal to furnish a fire alarm system at the Hotel. According to Tyco, TPG rejected Statcomm's proposal due to high cost. ECF 64 at p. 11.

The Complaint asserts six causes of action: (1) breach of express warranty; (2) breach of implied warranty of fitness for a particular purpose; (3) breach of implied warranty of merchantability; (4) negligent misrepresentation; (5) violation of California's Unfair Competition Law, Business & Professions Code § 17200; and (6) promissory estoppel. The Complaint demands compensatory and punitive damages and attorneys' fees and costs. ECF 1-1 at p. 27.

The heart of TPG's allegations in the Complaint is that Tyco made a statement of fact and promised TPG that the CWSI System was "appropriate and suitable" for use in the Hotel. Complaint ¶¶ 79, 102. According to TPG, Tyco's representations were not true, Tyco had no reasonable grounds for believing its representations, TPG reasonably relied on the representations, and TPG was harmed in reasonable reliance on Tyco's representations. Complaint ¶¶ 102-108.

Defendants removed the case to this federal court on the basis of diversity jurisdiction. ECF 1. All parties voluntarily consented to the jurisdiction of a U.S. magistrate judge to conduct all proceedings in this case under 28 U.S.C. § 636(c). ECF 13, 14.

Now presented to the Court is defendants' motion for summary judgment. ECF 64. Defendants seek judgment as a matter of law on: (1) all the claims against Tyco except for the fifth claim under California's Unfair Competition Law; (2) TPG's claim for consequential damages against all defendants; and (3) all claims against Simplex. *Id.*

**II.**

There is no controversy as to the legal standard that applies to the motion. Under Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Once the moving party meets its burden, then the non-moving party must cite "particular parts of materials in the record" showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 324 (1986). A "genuine issue" exists if the evidence is such that a reasonable jury could find for the non-moving party. *E.g., Open Text v. Box, Inc.*, No. 13-cv-04910 JD, 2015 WL 428365, at *1 (N.D. Cal. Jan. 30, 2015). On summary judgment, the Court does not make credibility determinations or weigh conflicting evidence, as these determinations should be left to the trier of fact at trial. *Bator v. State of Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994).

**III.**

The Court now lists and then analyzes in turn the specific legal issues presented by defendants' motion.

1. Were there actionable statements made by Tyco? Or were they vague puffery?

2. Does Tyco's limited warranty bar plaintiff's implied warranty of merchantability claim?

3. Does TPG's implied warranty of fitness claim fail because the CWSI System was purchased for its ordinary purpose, and Tyco validly disclaimed the implied warranty?

4. Does the economic loss rule bar TPG's negligent misrepresentation claim?

5. Must TPG's promissory estoppel claim be dismissed because TPG has adequate remedies at law?

6. Is TPG barred as a matter of law from seeking lost profits?

7. Is there evidence of liability against Simplex?

* * *

1. Were there actionable statements made by Tyco? Or were they vague puffery?

The first issue presented by defendants' motion is whether TPG's breach of express warranty claim and negligent misrepresentation claims both fail because there is no evidence of an "actionable statement" by Tyco. ECF 64 at pp. 17-22, 26-27.

Under California law, an express warranty is either an "affirmation of fact or promise made by the seller to the buyer" or a "description of the goods" at issue. Cal. Comm. Code § 2313(1)(a)-(b). To succeed on its breach of express warranty claim, TPG must prove (1) defendant made a statement constituting an express warranty; (2) the statement was "part of

the basis of the bargain"; and (3) defendant breached the warranty. *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (Cal. Ct. App. 2010). The Code does not mandate formal words such as "warrant" or "guarantee," but the alleged statement by the seller must be "specific and unequivocal." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1018 (N.D. Cal. 2015).

Similarly, to prevail on its negligent misrepresentation claim, TPG must prove (1) defendant made a misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance, (4) ignorance of the truth and justifiable reliance on the misrepresentation by TPG, and (5) resulting damage. *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1200 n.2 (9th Cir. 2001).

As to both the breach of express warranty claim and the negligent misrepresentation claim, a statement of "puffery" by the seller is insufficient to be an actionable statement. *Frenzel*, 76 F. Supp. 3d at 1018 (general marketing statements insufficient to support warranty claim because they were "mere puffery"); *Glen Holly Entm't, Inc.v. Tektronix*, 343 F.3d 1000, 1015 (C.D. Cal. 2003) (puffery is not a statement of fact that supports negligent misrepresentation).

What is puffery? "The distinguishing characteristics of puffery are vague, highly subjective claims as opposed to specific, detailed factual assertions." *Stearns v. Select Comfort Retail Corp.*, No. 08-cv-02746 JF, 2009 WL 1635931, at *11 (N.D. Cal. June 5, 2009); *see also McKinniss v. Sunny Delight Beverages Co.*, 2007 WL 4766525, at *5 (C.D. Cal. Sept. 4, 2007) ("Statements that amount to puffery are not actionable because no reasonable consumer relies on puffery."). Statements merely of the seller's opinion, boasting, or general commendations of the goods sold are puffery and not actionable. *Stearns*, 2009 WL 1635931, at *11 (discussing cases). Conversely, statements of "specific, non-subjective and testable characteristics" are *not* puffery. *Autodesk, Inc. v. Dassault Sys. Solidworks Corp.*, 685 F. Supp. 2d 1001, 1007 (N.D. Cal. 2009) (denying summary judgment on puffery issue). For example, in *Andersen v. Griswold Int'l, LLC*, No. 14-cv-2560 EDL, 2014 WL 12694138, at *5 (N.D. Cal. Dec. 16, 2014), Magistrate Judge

Elizabeth Laporte found that statements that a seller provided "full support with licensing and state specific compliance paperwork," that its "[c]aregivers were validated as self-employed, [and] each had obtained his or her own EIN number," that the IC model operated under specific federal guidelines that protected the model regardless of state law, and that Defendant was "competent to and did provide guidance in order to keep franchisees compliant with state regulations," were not puffery.

Applied to this case, the Court finds that some of Tyco's pre-installation statements to TPG were puffery, but at least some of the statements were actionable, detailed factual statements. Tyco representative Elizabeth Schoonman testified that she told TPG's construction manager Jerry Harlan "multiple times" that the CWSI System was "suitable" for the Hotel. ECF 79-1, Ex. A, Schoonman Tr. 183:17-185:8. Schoonman testified that she discussed with Harlan that "if it ever was established that the RF environment seemed unsuitable during the construction phase, we would be very transparent about that." ECF 79-1, Ex. A at 183:17-185:8). Similarly, Tyco representative Scott Barrett assured Harlan that the CWSI System was appropriate for use at the Hotel. ECF 79-1, Ex. J, Am. Interrogatory Response No. 1 at p. 3.

Moreover, at Schoonman and Barrett's urging, Harlan attended a webinar on the CWSI System on July 16, 2014. ECF 79-1, Ex. B, Harlan Tr. at 80:9-11, and Exs. R, P, S. That webinar included actionable factual statements: (1) "Quality Control – 100% Testing of All Products; (2) "troubleshooting and repair is fast and economical"; and (3) the CWSI System "eliminates virtually all the vulnerabilities of hardwired system."

A jury could find that these statements by Tyco representatives were not vague or subjective propositions; that they were made without reasonable ground for believing their truth; that they were made to induce reliance by TPG; that TPG reasonably relied upon them in purchasing the CWSI System; and that TPG's damages resulted. The Court therefore DENIES defendants' motion for summary judgment on the issue of puffery.

2. Does Tyco's limited warranty bar plaintiff's implied warranty of merchantability claim?

TPG's breach of implied warranty of merchantability claim asserts that the CWSI System sold to it for the Hotel was not of the same quality as those generally acceptable in the trade or was not fit for the ordinary purposes for which such goods are used. Under California law, however, a seller may disclaim the implied warranty of merchantability of its products. Cal. Comm. Code § 2316(2); *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 819 (N.D. Cal. 2014). To be effective, the disclaimer must mention merchantability and it must be conspicuous. *Id.*; Cal. Comm. Code § 2316(2).

Here, Tyco asserts that it disclaimed the implied warranty of merchantability on the second page of the "CWSI System's General Terms and Conditions of Sale." ECF 64 at p. 23. But as TPG notes, Tyco has not shown any evidence that TPG was on notice of the implied warranty disclaimer. ECF 79 at p. 25. A manufacturer may not disclaim warranties unless "the buyer has knowledge or is chargeable with notice of the disclaimer before the bargain is complete." *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 693 (1954).

At bottom, the Court does not find that it would be fair for TPG to be bound by warranty disclaimers that TPG was not aware of at the time of purchase. And Tyco has not pointed to any controlling authorities in which a Court has enforced a warranty disclaimer in this circumstance. *See Clark v. LG Elecs. U.S.A., Inc.*, 2013 WL 5816410, at *13 (S.D. Cal. Oct. 29, 2013) (citing 18 Williston on Contracts § 52:81 (4th ed.), listing cases in which courts have generally held "disclaimers of implied warranties that are made after the sale has been consummated, such as when given to the buyer on or after delivery of the goods, in an invoice, receipt, product manual, or similar instrument, are ineffectual unless the buyer is chargeable with knowledge of the disclaimers and may be said to have assented to them."; and 1 The Law of Prod. Warranties § 8:8 (noting "courts generally nullify such post-contract disclaimers" of implied warranties)).

For the same reasons, Tyco's argument that the "General Terms and Conditions of Sale" bar all consequential damages fails. ECF 64 at p. 29-30. Tyco does not show that

TPG had fair notice of the disclaimer of consequential damages and agreed to the terms before its purchase was complete.

Summary judgment on the implied warranty of merchantability claim is therefore DENIED.

3. Does TPG's implied warranty of fitness claim fail because the CWSI System was purchased for its ordinary purpose, and Tyco validly disclaimed the implied warranty?

Next, Tyco contends that TPG's claim for implied warranty of fitness for a particular purpose fails because there is no evidence that TPG purchased the CWSI System for a purpose other than its ordinary purpose. To prevail on its claim, TPG must show that at the time of contracting it intended to use the CWSI System for a "particular purpose" and Tyco had reason to know of this particular purpose. *Frenzel*, 76 F. Supp. 3d at 1021. The implied warranty of fitness is breached "if the seller's product is not in fact suitable for the use intended by the purchaser." *Camsight, Inc. v. Hamamatsu Corp.*, 2011 WL 13214314, at *6 (C.D. Cal. Apr. 19, 2011) (quoting *Odell v. Frueh*, 146 Cal. App. 2d 504, 508 (1956).

Here, TPG has shown evidence that Tyco knew a "particular purpose" for purchase of the CWSI System was to comply with Marriott Module 14 that sets forth stringent standards for fire alarm systems in Marriott hotels. ECF 79 at pp. 29-30, citing ECF 79-1, Schoonman Exs. T & U. The Court finds that TPG's evidence satisfies the "particular purpose" test.

Additionally, Tyco's arguments about the disclaimer of the implied warranty of fitness fail for the same reasons as its other disclaimer arguments: there is no evidence of timely notice to TPG.

Summary judgment on the implied warranty of fitness claim is thus DENIED.

4. Does the economic loss rule bar TPG's negligent misrepresentation claim?

Tyco moves to dismiss TPG's negligent misrepresentation claim under the "economic loss rule." Under this rule, where a product purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is "in contract alone, for he has suffered only 'economic losses.'" *Hammond Enterprises Inc. v. ZPS America LLC*,

No. 12-cv-3600 EDL, 2013 WL 5814505, at *5 (N.D. Cal. Oct. 29, 2013) (quoting *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (Cal. 2004).

Tyco, however, concedes an important exception to the economic loss rule. ECF 81 at pp. 15-16. A plaintiff can recover economic loss under a misrepresentation cause of action in the limited circumstance that the seller makes an "intentional and affirmative misrepresentation that risked physical harm to persons." *Robinson Helicopter*, 34 Cal. 4th at 991 n.7 and 993. That case involved sprag clutches in helicopters. The California Supreme Court noted: "The economic loss rule is designed to limit liability in commercial activities that negligently or inadvertently go awry, not to reward malefactors who affirmatively misrepresent and put people at risk." *Id.*, 34 Cal. 4th at 991 n.7. Just as the economic loss rule does not apply to negligent misrepresentations about helicopter clutches, this order finds that it does not apply to misrepresentations about fire alarm systems to be installed in hotels. Defendants' motion for summary judgment under the economic loss rule is therefore DENIED.

5. Must TPG's promissory estoppel claim be dismissed because TPG has adequate remedies at law?

Defendants argue that TPG's promissory estoppel claim must be dismissed as a matter of law because when a party has viable state law claims, a promissory estoppel claim is not necessary to avoid injustice. ECF 64 at pp. 28-29. Under California law, "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.*, 23 Cal. 4th 305, 310 (Cal. 2000) (quoting Restatement (Second) of Contracts § 90). Promissory estoppel is an equitable doctrine and the remedy for a breach may be limited "as justice requires." *Id.*

Tyco cites *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 343 F.3d 1000, 1017 (9th Cir. 2003), for the proposition that dismissal of a promissory estoppel claim is appropriate where a plaintiff has a viable state law claim for the same conduct. In response, TPG

argues that the promissory estoppel is appropriate as an alternative theory of relief in case the jury finds there was no contract between the parties. ECF 79 at pp. 30-31.

The Court finds that no reasonable jury can find here that there was no contractual relationship between the parties. Furthermore, the Court has determined above that TPG has more than one viable state law claim that will be tried against Tyco. The promissory estoppel claim is superfluous and is therefore DISMISSED. *Glen Holly*, 343 F.3d at 1017.

6. Is TPG barred as a matter of law from seeking lost profits?

Defendants contend that TPG "cannot prove that it suffered any lost profits because the fixed time in which it was entitled to earn profits at the Hotel under the Franchise Agreement was merely delayed." ECF 64 at p. 30. There is a commonsense response to this argument: time is money. If TPG can concretely show that Tyco caused it financial damages by the delay in opening the Hotel, and that Tyco is legally liable for the harm, then TPG may recover damages for the delay. *CEC Entm't, Inc. v. Kobra Props.*, 2008 WL 4779567, at *1-3 (E.D. Cal. Oct. 27, 2008). This portion of defendants' motion is DENIED. Tyco's concerns about double recovery for damages can be addressed through the jury instructions; and Tyco's motions to exclude TPG's evidence of damages will be addressed in a separate order.

7. Is there evidence of liability against Simplex?

Finally, defendants move to dismiss the claims against Simplex, contending that Simplex was not involved in the marketing or sale of the CWSI System installed at Hotel. ECF 64 at p. 24. TPG does not contest this issue. This part of the motion is therefore GRANTED and all claims against Simplex are DISMISSED.

**IV.**

In conclusion, the Court GRANTS defendants' summary judgment motion on: (1) all claims against Simplex, and (2) TPG's promissory estoppel claim against Tyco. The Court DENIES summary judgment on all the other claims and issues presented in defendants' motion. The claims to be tried are TPG's remaining claims against Tyco:

(1) breach of express warranty; (2) breach of implied warranty of fitness for a particular purpose; (3) breach of implied warranty of merchantability; (4) negligent misrepresentation; and (5) violation of California's Unfair Competition Law.

IT IS SO ORDERED.

Date: September 21, 2018

Nathanael M. Cousins
United States Magistrate Judge